

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

LAURA MCGHEE,

    Plaintiff,

v.

MICHAEL J. ASTRUE, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,

    Defendant.

Action No. 3:09-CV-493

## MEMORANDUM OPINION

This matter, a review of a denial of an application for Social Security Disability Insurance Benefits, based on a finding by an Administrative Law Judge ("ALJ") that the applicant, Laura McGhee, is not disabled, is before the Court on McGhee's objections (Dock. No. 14) to the Magistrate Judge's Report and Recommendation. For the reasons stated below, the Court will OVERRULE McGhee's objections.

## I. BACKGROUND

The Social Security Commissioner ("Commissioner") evaluates applications for benefits according to a five-step process: asking whether an applicant (1) is performing "substantial gainful activity"; (2) is severely impaired; (3) has an impairment that is at least as severe as one of the impairments listed in 20 C.F.R. Part 404, Subpart P, App'x 1; (4) could continue performing work that she did in the past; and (5) could perform any other job in the national economy. 20 C.F.R. §§ 416.905, 416.920; see Rogers v. Barnhart, 216 F. App'x 345, 347-48 (4th Cir. 2007). If, at any step of that analysis, the Commissioner is able

1

to determine that the applicant is disabled, the inquiry must stop. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

In this case, following the prescribed five-step process, the Commissioner found that (1) McGhee had not performed substantial gainful activity since the alleged onset of the disability; (2) she had severe impairments of obesity, subependymoma status post surgery, fibromyalgia, migraine headaches, and depression, but that these impairments did not meet or equal any of those listed in 20 C.F.R. Part 404, Subpart P, App'x 1; and (3) due to her impairments, McGhee was limited to sedentary work as long as it only involved simple, unskilled work requiring limited contact with the general public. The ALJ also concluded that McGhee could not work around hazards such as unprotected heights and dangerous or moving machinery, that she could not climb at all, and that she could bend, stoop, and squat only occasionally. In step four, the Commissioner concluded that McGhee did not have the residual functional capacity ("RFC") to perform her past relevant work as a school bus driver, corrections officer, or mental health technician because of the exertional levels required by those jobs. In step five, after considering McGhee's age, education, work experiences, and the testimony of a vocational expert ("VE"), the ALJ determined that McGhee could still perform other occupations that exist in significant numbers in the national economy, such as an inspector, assembler, or hand worker. As a result, the ALJ concluded that McGhee was not disabled and thus not entitled to benefits.

The Appeals Council denied McGhee's request to review the decision, making the ALJ's decision the final decision of the Commissioner. As is her right, McGhee sought judicial review of the ALJ's decision, but it was affirmed by the Magistrate Judge, who found that the ALJ's determinations were supported by substantial evidence and were made using the correct legal standards. McGhee now objects to the Magistrate Judge's Report & Recommendation ("R&R"), affirming the ALJ and Commissioner's decisions.

## II. ANALYSIS

### A. Standard of Review

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but it must accept the Commissioner's findings of fact if they are supported by substantial evidence and were reached by applying the correct legal standard. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006) (stating that a court must apply that standard to findings of fact by an ALJ). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. Mastro v. Apfel, 270 F.3d 171, 177 (4th Cir. 2001). Thus, a finding is supported by "substantial evidence" if it is based on "relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion." Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). And, if "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id. In determining whether a decision satisfies that standard, the Court may not weigh conflicting evidence, evaluate the credibility of evidence, or substitute its judgment for the Commissioner's findings. Mastro, 270 F.3d at 176.

## B. As Found in the Magistrate Judge's R&R, the ALJ Used Proper Legal Standards and Came to a Conclusion Supported by Substantial Evidence

For McGhee's first objection, she says the hypothetical questions the ALJ posed to the VE were inaccurate because the ALJ refused to allow her to ask the VE about the raw data from her neuropsychological testing. During step four in the disability analysis, the ALJ must determine the "physical and mental demands of [the claimant's] past relevant work," and whether the claimant has the residual functional capacity to do that past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f), 1560(b). In making those determinations, the ALJ is permitted to enlist a VE to evaluate whether a claimant can perform her past relevant work. Neither the ALJ nor the claimant, however, may use the VE's expertise without constraint. Rather, a vocational expert may offer relevant evidence within his or her area of expertise concerning the demands of a claimant's past relevant work and additionally "may offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy." Id. § 404.1560(b)(2). As McGhee correctly points out, in order for a VE's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record and it must be in response to hypothetical questions that fairly set out all of the claimant's impairments. See Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Here, the ALJ's questions and refusal to present the raw data to the VE were proper. By attempting to present the raw data from her psychological testing to the VE, McGhee

endeavors to expand the role of vocational experts beyond that contemplated by the regulations. As the Fourth Circuit explained it:

> Vocational experts are not experts in psychology who are qualified to render opinions on how the claimant's ailments might be reflected in his capabilities; rather, they are employment experts who know the mental and physical demands of different types of work, see 20 C.F.R. § 404.1560 ("We may use the services of vocational experts or vocational specialists . . . to obtain evidence we need to help us determine whether you can do your past relevant work, <u>given your residual functional capacity</u>"), or how many specific jobs exist in the local and national economies, see id. § 404.1566.

Fisher v. Barnhart, 181 F. App'x 359, 365 (4th Cir. 2006) (emphasis in original). McGhee does not assert that this VE was an expert in neuropsychology. Thus, the ALJ did not improperly refuse to allow McGhee to question the VE on the specifics of her psychological data.

McGhee's second objection is short on specifics, but the Court charitably interprets her objection to assert that by describing McGhee's RFC as "simple, unskilled work requiring limited contact with the general public," the ALJ did not clearly communicate McGhee's impairments. This argument is unavailing. As the Magistrate Judge stated, the ALJ's hypothetical question at issue fairly communicated McGhee's impairments that were supported by the record. "Unskilled work" is a term of art, defined by regulation as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time." 20 C.F.R. § 404.1568(a). And contrary to McGhee's assertions, adding the word "simple" to that term of art does not create a vague phrase incapable of interpretation or elaboration. Rather, it is a phrase that has been permissibly and repeatedly used in this context. See, e.g., Qantu v. Barnhart, 72 F. App'x 807, 810 (10th Cir. 2003) (describing claimant as "limited to simple unskilled work involving occasional

interactions with the public"); Cook v. Astrue, No. 08-530, 2010 WL 1740708, at *3 (D. Del. Apr. 30, 2010) (describing claimant as limited to "simple, unskilled work in low stress occupations which do not require any significant reading or writing, or more than limited interaction with coworkers or supervisors" ); Evers v. Astrue, No. C09-4018, 2010 WL 1568501, at *15 (N.D. Iowa Apr. 20, ,2010) (describing claimant as "limited to simple, unskilled work with superficial contact at best with the public and fellow employees"); Haidas v. Astrue, No. 08-11274, 2010 WL 1408618, at *1 (D. Mass. Mar. 31, 2010) (describing claimant as "limited to simple, unskilled work which requires no more than occasional interaction with coworkers or supervisors, and none with the general public"). This objection is overruled.

In her final objection, McGhee alleges that the ALJ failed to adequately consider the testimony of Dr. Sherry Fox, an expert in brain tumor difficulties presented by McGhee.[1] Although the ALJ considered Dr. Fox to be a persuasive advocate, the ALJ found that Dr. Fox did not have a treating relationship with McGhee, but rather assumed the role of an advocate who referred McGhee to a neuropsychologist and provided educational support. As a result, the ALJ discounted Dr. Fox's testimony to the extent that it conflicted with the medical evidence in the record indicating that McGhee had seen consistent improvements in her condition since undergoing surgery in August 2007. To support her argument,

---

[1] The Government claims this objection was not preserved because McGhee failed to make it to the Magistrate Judge. Under 28 U.S.C. § 636(b)(1), however, a district court must make a de novo evaluation of all aspects of the magistrate's recommendation notwithstanding the failure of a party to previously raise any specific issue to the magistrate judge. As one district court stated, "The district judge should not be forced into a possibly erroneous decision simply because a litigant failed to raise a potentially meritorious defense before the magistrate." Wirth v. Barnhart, 318 F. Supp. 2d 726, 732 (E.D. Wis. 2004). The Government does not cite any contrary authority.

McGhee cites Social Security Ruling ("SSR") 06-03(p). That ruling discusses the various sources an ALJ may use in making a disability determination, including "acceptable medical sources," sources who are "not 'acceptable medical sources,'"and "non-medical sources," such as counselors or social welfare agency personnel. Id., available at http://www.ssa.gov/OP_Home/rulings/di/01/SSR2006-03-di-01.html. SSR 06-03(p) affirms that the ALJ must review all relevant evidence in the case record. It also says:

> depending on the particular facts in a case, and after applying the factors for weighing opinion evidence, an opinion from a medical source who is not an "acceptable medical source" may outweigh the opinion of an "acceptable medical source," including the medical opinion of a treating source. For example, it may be appropriate to give more weight to the opinion of a medical source who is not an "acceptable medical source" if he or she has seen the individual more often than the treating source and has provided better supporting evidence and a better explanation for his or her opinion.

Id. The Court acknowledges that in certain cases it may be appropriate to credit certain non-treating sources over other treating sources. But, in asking the Court whether that should have been done here, McGhee essentially invites this Court to re-weigh the testimony and record presented to the ALJ. Because the ALJ weighed all of the record evidence and, in coming to a conclusion supported by substantial evidence, methodically explained why certain sources were more persuasive than others, it is an invitation the Court will not accept. See Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (holding that the reviewing court may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary'" (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996))).

### III. CONCLUSION

Because the Court finds that the ALJ applied the correct legal standards and came to a conclusion supported by substantial evidence, McGhee's objections are OVERRULED and the Magistrate Judge's Report and Recommendation (Dock. No. 13) is ADOPTED as the ruling of this Court. Thus, McGhee's Motion for Summary Judgment (Dock. No. 9) is DENIED, the Commissioner of Social Security's Motion for Summary Judgment (Dock. No. 12) is GRANTED, and the Commissioner's decision denying benefits to McGhee is AFFIRMED.

Let the Clerk send a copy of this memorandum to all counsel of record. An appropriate order will issue.

It is SO ORDERED.

/s/
James R. Spencer
Chief United States District Judge

Entered this 10th day of May 2010